[Cite as *State v. Dingus*, 2017-Ohio-2619.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3525 |
| v. | : | |
| | | DECISION AND |
| GENEVA DINGUS, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 04-26-2017 |

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Franciso E. Lüttecke, Assistant State Public Defender, Columbus, Ohio, for Appellant, Geneva Dingus.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee, State of Ohio.

Hoover, J.

{¶1}     Defendant-Appellant, Geneva Dingus, appeals the judgment of the Ross County Court of Common Pleas that convicted her of arson and sentenced her to three years of community control. On appeal, Dingus challenges the constitutionality of Ohio's arson offender registry scheme. Specifically, she argues that R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine insofar as it allows the trial court to reduce an arson offender's mandatory lifetime registration period only upon the request of the prosecutor and the investigating law enforcement agency.

{¶2}     Upon consideration, we agree that the portion of R.C. 2909.15(D)(2)(b) that limits the trial court's discretion to reduce an arson offender's mandatory lifetime registration period only upon the request of the prosecutor and the investigating law enforcement agency violates

the separation of powers doctrine and is therefore unconstitutional. We further conclude that the offending language may be appropriately severed, thus keeping intact the remainder of the statutory provision.

{¶3}     Accordingly, we sustain Dingus's assignment of error, reverse the judgment of the trial court, and remand this matter for proceedings consistent with this decision.

## I. Facts and Procedural History

{¶4}     On June 8, 2015, a complaint was filed in the Chillicothe Municipal Court charging Dingus with one count of arson in violation of R.C. 2909.03(A)(4), a felony of the third degree.

{¶5}     Dingus first appeared in the Chillicothe Municipal Court upon the complaint; however, she waived her right to a preliminary hearing and was bound over to the grand jury.

{¶6}     On July 10, 2015, a Ross County Grand Jury indicted Dingus on the same charge. Dingus entered a plea of not guilty.

{¶7}     On October 26, 2015, a change of plea hearing was held. Before accepting Dingus's plea of guilty, the trial court informed her, inter alia, that if she pleaded guilty to the offense, then she would be subject to lifetime registration as an arson offender. Dingus indicated that she understood the registration requirement. Thereafter, pursuant to a negotiated plea agreement, Dingus pleaded guilty as charged; and in exchange for her plea, the State recommended that she be placed on community control.

{¶8}     On December 14, 2015, a registration hearing was held; and Dingus immediately objected to the lifetime registration requirement:

Yes, Your Honor. We would be objecting to the lifetime registration requirement under 2909.15. Essentially what we would be making is a separation of powers

argument. It looks like pursuant to 2909.15(D)(2) that the offender must register for life unless the judge receives a request from the prosecutor and investigating law enforcement agency to consider limiting the arsonists [sic] offender registration period at which case it has to be no less than ten years. I would say, your honor, that is a violation of separation of powers doctrine * * *.

{¶9}   Despite sharing her concern, the trial court overruled Dingus's objection and notified her that she would be subject to mandatory lifetime registration as an arson offender. Dingus executed a "Notice of Duties to Register as an Arson Offender" form stating that she had received and understood the registration requirements.

{¶10}  That same day, the trial court sentenced Dingus to three years of community control; her conviction and sentence were journalized by way of entry dated December 23, 2015.

{¶11}  It is from this judgment that Dingus filed a timely appeal.

## II. Assignment of Error

{¶12}  Dingus assigns the following error for our review:

R.C. 2909.15(D)(2)(b) unconstitutionally violates the separation of powers doctrine. R.C. 2909.15; *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753; *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630. (December 14, 2015 Notification and Disposition Tr. at 6-12).

## III. Law and Analysis

### A. Ohio's Arson Offender Registration Scheme

{¶13}   Ohio's arson offender registration scheme requires convicted arson offenders to register with law enforcement authorities annually until death.  A limited exception allows the trial court to reduce the reporting period to a specified term not less than ten years—but only

upon the request of the prosecutor and the investigating law enforcement agency. We must decide whether this exception violates the separation of powers doctrine.

{¶14}  In December 2012, the General Assembly passed legislation establishing a statewide arson offender registry. Am.Sub.S.B. No. 70. Under the scheme, registration is mandatory for all "arson offenders." R.C. 2909.14(A).

{¶15}  An "arson offender" is one who on or after the effective date of the statute has been convicted of or pleaded guilty to an arson-related offense, as well as one who is serving a term of imprisonment for an arson-related offense on the effective date of the statute. R.C. 2909.13(B)(1) and (2).

{¶16}  Arson and aggravated arson—including any attempt to commit, conspiracy to commit, or complicity to commit either offense—are "arson-related offenses." R.C. 2909.13(A)(1) and (2).

{¶17}  An arson offender must register for life. R.C. 2909.15(D)(2)(a). A limited exception allows the trial court to reduce the reporting period to a specified term not less than ten years—but only upon the request of the prosecutor and the investigating law enforcement agency. R.C. 2909.15(D)(2)(b).

{¶18}  The registry is maintained by the Bureau of Criminal Identification and Investigation. R.C. 2909.15(E)(2). Only the fire marshal's office, state and local law enforcement officers, and certain authorized firefighters can access the registry. *Id*. The registry is not a public record. *Id*.

**B. Constitutionality of R.C. 2909.15(D)(2)(b)**

**1. Standard of Review**

{¶19} "A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts." *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17. This case presents a facial challenge, i.e., that "there is no set of circumstances in which the statute would be valid." *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 26.

{¶20} "[S]tatutes enjoy a strong presumption of constitutionality." *State v. Hoover,* 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 8. "A statute will be upheld unless the challenger can meet the burden of establishing beyond a reasonable doubt that the statute is unconstitutional." *Id.* We use a de novo standard of review to assess errors based upon violations of constitutional law. *State v. Burgette,* 4th Dist. Athens No. 13CA50, 2014-Ohio-3483, ¶ 10.

### 2. The Separation of Powers Doctrine

{¶21} "Although the Ohio Constitution does not contain explicit language establishing the doctrine of separation of powers, it is inherent in the constitutional framework of government defining the scope of authority conferred upon the three separate branches of government." *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, ¶ 22.

{¶22} " 'The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others.' " *Id*. at ¶ 23, quoting *State ex rel. Bryant v. Akron Metro. Park Dist.*, 120 Ohio St. 464, 473, 166 N.E. 407 (1929).

{¶23} " '[W]hile no exact rule can be set forth for determining what powers of government may or may not be assigned by law to each branch, * * * "[i]t is nevertheless true, in

the American theory of government, that each of the three grand divisions of the government, must be protected from encroachment by the others, so far that its integrity and independence may be preserved." ' " *Id.* at ¶ 33, *quoting S. Euclid v. Jemison*, 28 Ohio St.3d 157, 159, 503 N.E.2d 136 (1986), quoting *Fairview v. Giffee*, 73 Ohio St. 183, 187, 76 N.E. 865 (1905).

### 3. A Portion of R.C. 2909.15(D)(2)(b) is Unconstitutional

{¶24} R.C. 2909.15(D)(2) provides:

(a) Except as provided in division (D)(2)(b) of this section, the duty of an arson offender or out-of-state arson offender to reregister annually shall continue until the offender's death.

(b) The judge may limit an arson offender's duty to reregister at an arson offender's sentencing hearing to not less than ten years if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period.

\* \* \*

{¶25} Dingus argues that R.C. 2909.15(D)(2)(b) gives judicial power to the executive branch insofar as the only potential relief from the lifetime registration requirement is contingent on a request from the prosecutor and the investigating law enforcement agency authorizing the trial court to review the registration period. In support, she cites the Ohio Supreme Court's decision in *Sterling*. There, the Court considered the constitutionality of R.C. 2953.82(D), which required a prosecuting attorney to file a statement with the court indicating agreement or disagreement with an inmate's request for DNA testing and specified that the prosecuting attorney's disagreement was final and not appealable by any person to any court; it also provided

that no court shall have authority, without the prosecutor's agreement, to order DNA testing.  In

a 5-0 decision, the Court concluded:

> Insofar as the statute authorizes a prosecuting attorney to agree or disagree with
>
> an inmate's request for DNA testing, it comports with the exercise of authority by
>
> the executive department of government because the prosecutor is charged with
>
> the responsibility to prove guilt beyond a reasonable doubt. However, those
>
> portions of the statute that make the prosecuting attorney's disagreement final,
>
> and not appealable to any court, and that deprive the court of its ability to act
>
> without the prosecutor's agreement interfere with the court's function in
>
> determining guilt, which is solely the province of the judicial branch of
>
> government. Accordingly, R.C. 2953.82(D) violates the doctrine of separation of
>
> powers and is therefore unconstitutional.

(Citations omitted.) *Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, at ¶ 35.

{¶26} Dingus argues that like the statute in *Sterling*, R.C. 2909.15(D)(2)(b) does not

allow the trial court to consider reducing an arson offender's registration period without the

authorization of the executive branch, i.e., the prosecutor and the investigating law enforcement

agency. She claims that this requirement violates the separation of powers doctrine by both

undermining the judiciary's independence and authority, and permitting the executive branch's

encroachment into sentencing matters properly carried out by the judicial branch.

{¶27} Conversely, the State argues that R.C. 2909.15(D)(2)(b) differs from the statute in

*Sterling* because (1) the ultimate authority and final say about the length of the reporting time

rests in the hands of the judiciary; and there is no provision that eliminates the right to appeal; (2)

the arson reporting statute does not circumscribe the judiciary's function of determining guilt, as

the reporting requirement is not criminal or punitive in nature; and (3) the request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period is authority properly delegated by the legislature and is similar to a prosecutor's recommendation for treatment in lieu of conviction and the prosecutor's ability to maintain a pretrial diversion program.

{¶28} The State maintains that the only power held by the executive branch is the power to request a reduced reporting period, which is distinct from the judiciary's power to impose a reduced reporting period. It notes that in cases where the prosecutor and the investigating law enforcement agency request a lesser reporting period, neither the prosecutor nor the investigating law enforcement agency has the ability to override or veto the court. We find these arguments unpersuasive.

{¶29}  "There can be no debate that pursuant to Section 1, Article IV of the Ohio Constitution, the judicial power resides exclusively in the judicial branch and that our authority within that realm shall not be violated." (Citations omitted.) *Norwood v. Horney*, 110 Ohio St. 3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 117. "We must thus 'jealously guard the judicial power against encroachment from the other two branches of government and * * * conscientiously perform our constitutional duties and continue our most precious legacy.' " *Id*., quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St. 3d 451, 467, 715 N.E.2d 1062 (1999).

{¶30} Under R.C. 2909.15(D)(2)(b), the trial court has discretion to impose a reduced reporting period of not less than ten years only if it receives a request from the prosecutor and the investigating law enforcement agency. If the prosecutor or the investigating law enforcement

agency does not make such a request, then the trial court cannot consider imposing a reduced reporting period; and the arson offender must register for life.

{¶31} By depriving the trial court of the ability to act without the request of the prosecutor and the investigating law enforcement agency, the trial court's independence is compromised. The prosecutor and the investigating law enforcement agency effectively decide which registration periods can be reviewed by the trial court; thus, the prosecutor and the investigating law enforcement agency have an "overruling influence" over the trial court. *Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, at ¶ 23.

{¶32} The State suggests that R.C. 2909.15(D)(2)(b) codifies an act of prosecutorial discretion. However, prosecutorial discretion generally contemplates decisions made by a prosecutor relating to the prosecution of a criminal case. *State v. Ballard*, 1st Dist. Hamilton Nos. C-140755, C-140690, 2016-Ohio-364, ¶ 11 (explaining that prosecutors exercise discretion from the charging process all the way through sentencing). Ohio's arson offender registry falls outside the scope of a decision that a prosecutor needs to make in prosecution of a criminal case. Moreover, some of our sister appellate courts have found the "General Assembly's intent with regard to R.C. 2909.14 and R.C. 2909.15 to be civil in nature, not punitive." *State v. Reed,* 2014–Ohio–5463, 25 N.E.3d 480, ¶ 80 (11th Dist.). *Accord State v. Jones,* 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 27 ("[T]he statutory obligation to register as an arson offender is not punitive * * * ."); *State v. Galloway*, 5th Dist. Delaware No. 15CAA040029, 2015–Ohio–4949, ¶ 35 ("We are persuaded that the arson offender registration requirements are remedial and not punitive."); *State v. Caldwell*, 2014-Ohio-3566, 18 N.E.3d 467, ¶ 35 (1st Dist.) ("[T]he statutory scheme is remedial in nature * * * .") This clearly demonstrates that R.C. 2909.15(D)(2)(b) does not codify an act of prosecutorial discretion.

{¶33} Accordingly, the portion of R.C. 2909.15(D)(2)(b) that limits the trial court's discretion to reduce an arson offender's mandatory lifetime registration period only upon the request of the prosecutor and the investigating law enforcement agency violates the separation of powers doctrine and is therefore unconstitutional.

### 4. Severance is Appropriate

{¶34} "If any provision of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable." R.C. 1.50

{¶35} To determine whether an invalid portion of a statute can be severed, a court must ask three questions:

> (1) Are the constitutional and the unconstitutional parts capable of separation so
> that each may be read and may stand by itself? (2) Is the unconstitutional part so
> connected with the general scope of the whole as to make it impossible to give
> effect to the apparent intention of the Legislature if the clause or part is stricken
> out? (3) Is the insertion of words or terms necessary in order to separate the
> constitutional part from the unconstitutional part, and to give effect to the former
> only?

*State v. Noling,* 2016-Ohio-8252, __N.E.3d __,¶ 34, *quoting Geiger v. Geiger,* 117 Ohio St. 451, 466, 160 N.E.2d 28 (1927).

{¶36} Here, the offending language in R.C. 2909.15(D)(2)(b) is separable from the remainder of the statute. R.C. 2909.15(D)(2)(b) provides: "The judge may limit an arson offender's duty to reregister at an arson offender's sentencing hearing to not less than

ten years *if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period*." (Emphasis added.) If we remove the offending language which has been italicized above, R.C. 2909.15(D)(2) would still subject an arson offender to a lifetime registration period, unless the trial court decided to reduce that period to a specified term not less than ten years at the offender's sentencing hearing. Therefore, the answer to the first question is yes.

{¶37} The second question we must consider is whether the unconstitutional language is so connected with the general scope of the whole R.C. 2909.15(D)(2) as to make it impossible to give effect to the apparent intention of the General Assembly if the clause or part is stricken? The general scope of the statute is to "establish a comprehensive registration scheme for the purpose of tracking arson offenders." *Caldwell*, 2014-Ohio-3566, 18 N.E.3d 467, at ¶ 2. In addition, the language of R.C. 2909.15 reveals the General Assembly's intent to promote public safety. *Reed,* 2014–Ohio–5463, 25 N.E.3d 480, at ¶ 79. Under the current scheme, anyone who is convicted of or pleads to an arson-related offense is subject to a lifetime registration period— even those convicted of misdemeanor arson. *See* R.C. 2909.15(D)(2)(a).

{¶38} It appears that the General Assembly wanted to provide an exception to the lifetime registration period, however, by enacting R.C. 2909.15(D)(2)(b). Although the General Assembly limited the scope of the exception to cases in which the prosecutor *and* the investigating law enforcement agency requested it, the General Assembly apparently wanted an arson offender to receive a reduced reporting period under appropriate circumstances.

{¶39} If the offending language is removed, then the trial court could impose the reduced reporting period under appropriate circumstances. However, the trial court's discretion would no

longer be controlled by the prosecuting attorney or the investigating law enforcement agency. Moreover, even if the offending language is removed and the trial court exercises its discretion to impose the reduced reporting period, we still believe the General Assembly's apparent intention to track all arson offenders is given effect because the offender would still be required to register for a minimum of ten years. Furthermore, promotion of public safety will presumably still be served if the trial judge has discretion to reduce the reporting period. The answer to the second question is no.

{¶40} Finally, the third question concerns whether the insertion of words or terms is necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only. It is not necessary to insert words or terms in order to remove the phrase at issue and give effect to the remainder of the statute. The answer to the third question is no.

{¶41} A portion of a statute can be severed "only when the answer to the first question is yes and the answers to the second and third questions are no." *Noling,* 2016-Ohio-8252, at ¶ 35, citing *State v. Romage,* 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 16. As discussed above, the answer to the first question is yes, and the answers to the second and third questions are no. We believe it is possible to remove the offending language and still achieve the General Assembly's intent. Therefore, we may sever the language "if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period" and declare that portion of R.C. 2909.15(D)(2)(b) unconstitutional while the remainder of the statute remains intact.

{¶42} We do not take lightly the decision of finding any statute to be unconstitutional; however, in light of the following language set forth by the Ohio Supreme Court, we find it necessary to do so in this case.

The judiciary has both the power and the solemn duty to determine the constitutionality and validity of acts by other branches of the government and to ensure that the boundaries between branches remain intact. "[J]urists have long understood that they must be wary of any usurpation of the powers conferred on the judiciary by constitutional mandate and any intrusion upon the courts' inherent powers * * *." *Norwood,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, at ¶ 115. * * *

Our vigilance is not born of self-reverence. Rather, we protect the borders separating the three branches in order to ensure the security and harmony of the government and to avoid the evils that would flow from legislative encroachment on our independence. As Montesquieu warned, " '[w]hen the legislative and executive powers are united in the same person, or in the same body of magistracy, there can be then no liberty * * *. [And] there is no liberty, if the power of judging be not separated from the legislative and executive powers.' " *Evans v. State,* 872 A.2d at 544, quoting Baron de Montesquieu, The Spirit of the Laws (Thomas Nugent trans., 1949), fn. 39. *See also Clinton v. New York*, 524 U.S. 417, 450, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) (the separation-of-powers doctrine guards against the threat to liberty posed by the concentration of power in a single branch of government).

(Citations omitted.) *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933

N.E.2d 753, ¶ 46-47.

## IV. Conclusion

{¶43} For the reasons set forth above, we sustain Dingus's sole assignment of error,

reverse the judgment of the trial court, and remand the matter for proceedings consistent with

this decision.

JUDGMENT REVERSED AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND THIS CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents.

For the Court

BY: _____
         Marie Hoover, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**