[Cite as *State v. Carlisle*, 2019-Ohio-4651.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-141** |
| CHRISTIAN CARLISLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2018 CRB 02145.

Judgment: Affirmed.

*Judson J. Hawkins,* 37811 Lake Shore Boulevard, Eastlake, OH 44095 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Christian Carlisle, appeals the judgment of the Willoughby Municipal Court in which the trial judge determined he was required, pursuant to Ohio's Arson Offender Registry scheme, to register for the remainder of his life as mandated by statute. For the reasons discussed in this opinion, the judgment is affirmed.

{¶2} After appellant was let go from his position as an employee at Walmart, he ignited a fire in the store. He was ultimately charged with aggravated arson, arson, and

inducing panic. Appellant ultimately entered a plea of guilty to arson, a misdemeanor of the first degree. At sentencing, defense counsel acknowledged appellant was subject to registration pursuant to the Arson Offender Registry but requested that the trial court impose a ten-year mandatory registration, rather than the presumptive mandatory lifetime registration. In light of the circumstances of the case, the lack of any criminal record, and appellant's cooperation and remorse, the prosecutor agreed with defense counsel. The trial court, however, did not accept the joint recommendation and appellant was sentenced to 180 days in jail, with 90 days suspended, 12-months community control, and a $250 fine. He was also ordered to register as part of the Arson Offender Registry for his lifetime. This appeal follows. Appellant's assignments of error provide:

{¶3} "[1.] The trial court erred by sentencing the defendant-appellant to register for his lifetime pursuant to Ohio's arson registry.

{¶4} "[2.] The trial court abused its discretion and erred to the prejudice [of] the defendant-appellant by ordering him to participate in Ohio's arson registry for the duration of his lifetime."

{¶5} Pursuant to R.C. 2909.15, any arson offender must register with the sheriff's office in the county where they live within 10 days of being so classified or released from incarceration. R.C. 2909.15(A)(1) - (2). The offender must register with the sheriff annually, updating any information that changed. R.C. 2909.15(D)(1). This reporting requirement shall continue for the offender's lifetime. R.C. 2909.15(D)(2)(a). The reporting requirement, however, may be reduced to 10 years if the trial court

receives a request from the prosecutor *and* investigating agency to so limit the registration period.

{¶6} Appellant first argues this court should modify the trial court's judgment imposing a life-long obligation to register because the record clearly and convincingly does not support the judgment.

{¶7} This court has found the "General Assembly's intent with regard to R.C. 2909.14 and R.C. 2909.15 to be civil in nature, and not punitive." *State v. Jones*, 11th Dist. Lake No. 2013-L-130, 2014-Ohio-5463, ¶80. As such, they are not part of the sentence imposed in a criminal proceeding. *See State v. Jirousek*, 11th Dist. Geauga No. 2014-G-3192, 2015-Ohio-949, ¶23. While this court reviews a felony sentence pursuant to the standard appellant cites (and this case involves a misdemeanor conviction), we conclude the statutory registration requirements are not an aspect of a criminal sentence. In light of these points, appellant asks this court to improperly apply a felony-sentencing standard of review to a misdemeanor case that challenges a civil registration requirement. We decline to do so as the premise of appellant's argument is ill-founded.

{¶8} Next, appellant argues R.C. 2909.15(D)(2)(b) is facially unconstitutional because it transfers judicial discretion to the executive branch, viz., prosecutors and investigators. Specifically, appellant contends, by conditioning a judge's discretion to reduce the registration period from life to ten years upon the requests of prosecutors and investigators, the statute violates the doctrine of separation of powers. In support, appellant cites *State v. Dingus*, 4th Dist. Ross No. 16CA3525, 2017-Ohio-2619, wherein

3

the Fourth Appellate District concluded the statute did indeed unconstitutionally violate the separation-of-powers doctrine.

{¶9} In *Dingus*, the defendant preserved the constitutional issue by allowing the trial judge to consider the argument. In the instant matter, appellant did not advance the constitutional argument to the trial court. Rather, at the sentencing hearing, appellant's counsel simply noted that he and the prosecutor agreed that appellant's registration obligation should be limited to ten years. Although counsel highlighted appellant's lack of a criminal record and the personal problems he was experiencing at the time of the offense which, in counsel's view, mitigated appellant's actions, no constitutional objection was noted. Thus, the trial court had no opportunity to hear and consider the separation-of-powers argument.

{¶10} The Ohio Supreme Court has held: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. The Court subsequently clarified *Awan*, holding a court has the right to consider constitutional challenges in its discretion even if the argument was waived "in specific cases of plain error or where the rights and interests involved may warrant it." *See In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Here, appellant did not make the constitutional challenge before the trial court; because, however, we conclude "the interests involved may warrant it," we shall consider appellant's argument.

4

{¶11} The separation-of-powers doctrine represents the constitutional allocation of authority within our tripartite government. *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶114. The doctrine secures liberty by simultaneously fostering autonomy and comity, as well as interdependence and independence, among the three branches. *See, e.g., Fairview v. Giffee* (1905), 73 Ohio St. 183, 187 (1905). The doctrine "is 'implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government.'" *State ex rel. Bray v. Russell,* 89 Ohio St.3d 132, 134 (2000), quoting *S. Euclid v. Jemison* (1986), 28 Ohio St.3d 157, 159 (1986).

{¶12} Pursuant to Section 1, Article IV of the Ohio Constitution, the judicial power resides exclusively in the judicial branch, and the courts' authority within that realm shall not be violated. *Bray, supra,* at 136. Courts have long understood that they must be wary of any usurpation of the constitutional powers of the judiciary and any intrusion upon the courts' inherent powers, i.e., those powers that "are necessary to the orderly and efficient exercise of jurisdiction" and without which "no other [power] could be exercised." *Hale v. State,* 55 Ohio St. 210, 213 (1896). Courts must thus "jealously guard the judicial power against encroachment from the other two branches of government and * * * conscientiously perform our constitutional duties and continue our most precious legacy." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 467 (1999)

{¶13} With this in mind, statutes enacted by the General Assembly are entitled to a "strong presumption of constitutionality." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, ¶7. Thus, "if at all possible, statutes must be construed in conformity

with the Ohio and the United States Constitutions." *State v. Collier*, 62 Ohio St.3d 267, 269 (1991). A court is only permitted to declare a statute unconstitutional if it "'appear[s] beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *State v. Cook*, 83 Ohio St.3d 404, 409 (1998), quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, (1955).

{¶14} In *Dingus*, the Fourth District determined that because R.C. 2909.15(D)(2)(b) does not allow the trial court to consider reducing an arson offender's registration period without the authorization of the executive branch, that portion of the statute encroached upon the independence of the judiciary and therefore violated the doctrine of separation of powers. The court held:

> {¶15} By depriving the trial court of the ability to act without the request of the prosecutor and the investigating law enforcement agency, the trial court's independence is compromised. The prosecutor and the investigating law enforcement agency effectively decide which registration periods can be reviewed by the trial court; thus, the prosecutor and the investigating law enforcement agency have an "overruling influence" over the trial court. *Id.* at ¶31.

{¶16} We differ with the Fourth District's analysis and conclusion in *Dingus.* The General Assembly has enacted various mandatory registries that remove all judicial discretion. *See, e.g.,* R.C. Chapter 2950 (certain classes of sexual offenders are required by statute to register); *see, also,* R.C. 2952.83(A) (requiring registration for 16-17-year-old juvenile sex offenders). Under these schemes, a court does not have the inherent discretion to evaluate whether an offender should register or the discretion to reduce the length of time an offender is required to register. The arson registry affords a trial court some discretion, but only after it is triggered by a request by the prosecutor and law enforcement, i.e., the executive branch. This request, while conferring

6

discretion on the court, in no way eliminates, compromises, or necessarily influences a court's ultimate discretion to reduce the registration time or order a lifetime registration period once the discretion is triggered. Although the request is a necessary precondition for discretion, it does not interfere or remove a court's discretion because the executive branch's request does not bind the court to act in accordance with the recommendation.

{¶17} The flaw in the Fourth District's analysis is the presumption that, if a court does not have complete discretion unto itself to reduce the registration period, then the legislature, via the executive branch, has absconded with a power "necessary to the orderly and efficient exercise of jurisdiction" without which "no other [power] could be exercised," i.e., an *inherent* power of the judiciary. *See Hale, supra.* Simply because lifetime registration is mandatory unless the executive branch recommends otherwise does not mean the court's discretion has been taken away. If there is no recommendation, the court never had discretion; if there is a recommendation, the court has full discretion to choose between lifetime registration or a reduced, 10-year registration period. It might be said the executive branch, via statute, is the catalyst of the court's discretion. Registration statutes, however, regularly negate a court's discretion, requiring an offender to register based solely on the offense committed. Such statutes do not infringe upon the judiciary's authority. In effect, the Arson Offender Registry statute is simply a mandatory registration statute until a request is submitted. Then, the court has full discretion to reduce or not. In our view, separation of powers would be violated *only if* the prosecutor's and law enforcement agency's request required the court to act in accord with the request.

7

{¶18} The Fourth District's position is premised upon the presumption that the judiciary has inherent discretion to classify and the executive branch has encroached upon that power. We do not accept this premise. The Arson Offender Registration scheme may be vulnerable to other constitutional challenges; we do not, however, agree with the Fourth District that the R.C. 2909.15(D)(2)(b) violates the doctrine of separation of powers. Because we conclude the statute is not facially unconstitutional on this ground, the trial court's discretion was never triggered. We discern no error in the trial court's judgment

{¶19} Appellant's assignments of error lack merit.

{¶20} Because our conclusion and analysis is in direct conflict with the Fourth District's opinion in *Dingus*, *supra*, we sua sponte certify a conflict to the Supreme Court of Ohio on the following question:

{¶21} "Does R.C. 2909.15(D)(2)(b) unconstitutionally violate the doctrine of separation of powers?"

{¶22} For the reasons discussed in this opinion, the judgment of the Willoughby Municipal Court is affirmed.


MATT LYNCH, J., concurs,

MARY JANE TRAPP, J., concurs in part and dissents in part with Concurring/ Dissenting Opinion.

_____

MARY JANE TRAPP, J., concurs in part and dissents in part with Concurring/ Dissenting Opinion.

{¶23} While I concur with the majority's decision to sua sponte certify a conflict to the Supreme Court of Ohio, and I agree that the question for determination by the court is whether R.C. 2909.15(D)(2)(b) unconstitutionally violates the doctrine of separation of powers," I respectfully dissent from the majority's opinion because I would answer the certified question in the affirmative.

{¶24} I find R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine by impeding the judiciary in its province to impose a reduced registration period on an arson offender during sentencing. I agree with the Fourth District's determination in *State v. Dingus*, 4th Dist. Ross No. 16CA3525, 2017-Ohio-2619, that the "offending language" of R.C. 2909.15(D)(2)(b) may be severed so that an arson offender is subject to a lifetime registration period unless the trial court decides to reduce that period at the arson offender's sentencing hearing to a specified term not less than ten years. *Id.* at ¶41.

### The Arson Offender Registry

{¶25} Effective July 1, 2013, Ohio adopted an arson offender registry. One who meets the definition of an "arson offender" under R.C. 2909.13(B) must register annually for life. R.C. 2909.15(D)(2)(a). An exception allows the trial court to "limit an arson offender's duty to reregister at an arson offender's sentencing hearing to not less than ten years if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period." R.C. 2909.15(D)(2)(b).

{¶26} When the arson offender is sentenced to a term of imprisonment, it falls upon the "official in charge of" the applicable institution to "provide the notice to the arson offender before the arson offender is released." R.C. 2909.14(A)(1). On the other hand, if the arson offender is not sentenced to a term of incarceration, then "the judge shall provide the notice to the arson offender at the time of the arson offender's sentencing." R.C. 2909.14(A)(2).

{¶27} The initial registration requires payment of a fee of $50, and annual re-registration thereafter requires payment of a fee of $25. R.C. 2909.15(F). Failure to register or to re-register as required is a felony of the fifth degree. R.C. 2909.15(H).

### The Separation of Powers Doctrine

{¶28} The Supreme Court of Ohio has held that "[al]though the Ohio Constitution does not contain explicit language establishing the doctrine of separation of powers, it is inherent in the constitutional framework of government defining the scope of authority conferred upon the three separate branches of government." *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, ¶22.

{¶29} In *S. Euclid v. Jemison*, 28 Ohio St.3d 157, 159 (1986), the court stated "[w]hile no exact rule can be set forth for determining what powers of government may or may not be assigned by law to each branch, * * * '[i]t is nevertheless true, in the American theory of government, that each of the three grand divisions of the government, must be protected from encroachment by the others, so far that its integrity and independence may be preserved." (Internal citation omitted.) *Id.* at 159, quoting *Fairview v. Giffee*, 73 Ohio St. 183, 187 (1905).

{¶30} In *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132 (2000), the court stated: "In our constitutional scheme, the judicial power resides in the judicial branch. Section 1, Article IV of the Ohio Constitution. The determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." (Citation omitted.) *Id*. at 136.

{¶31} In *State v. Hochhausler*, 76 Ohio St.3d 455 (1996), the court stated as follows:

{¶32} "The administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers. * * * Courts of general jurisdiction, whether named in the Constitution or established pursuant to the provisions thereof, possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government. * * * The legislative branch has no right to limit the inherent powers of the judicial branch of the government." (Citation omitted.) *Id*. at 463-64.

### State v. Dingus

{¶33} In *Dingus, supra,* the Fourth District Court of Appeals determined that R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine. The court held:

{¶34} "Under R.C. 2909.15(D)(2)(b), the trial court has discretion to impose a reduced reporting period of not less than ten years only if it receives a request from the prosecutor and the investigating law enforcement agency. If the prosecutor or the investigating law enforcement agency does not make such a request, then the trial court

11

cannot consider imposing a reduced reporting period; and the arson offender must register for life.

{¶35} "By depriving the trial court of the ability to act without the request of the prosecutor and the investigating law enforcement agency, the trial court's independence is compromised. The prosecutor and the investigating law enforcement agency effectively decide which registration periods can be reviewed by the trial court; thus, the prosecutor and the investigating law enforcement agency have an 'overruling influence' over the trial court." *Id.* at ¶30-31, citing *Sterling, supra*, at ¶23.

{¶36} The court determined that the "offending language" of R.C. 2909.15(D)(2)(b) could be severed so that an arson offender is subject to a lifetime registration period "unless the trial court decided to reduce that period to a specified term not less than ten years at the offender's sentencing hearing." *Id.* at ¶36.

{¶37} The *Dingus* opinion does not provide much in the way of analysis, but its holding appears to rely primarily on the Supreme Court of Ohio's decision in *Sterling, supra* (which affirmed this court's decision in *State v. Sterling*, 11th Dist. Ashtabula No. 2003-A-0135, 2005-Ohio-6081).

### *State v. Sterling*

{¶38} In *Sterling*, the Supreme Court of Ohio analyzed a statute that authorized a prosecuting attorney to disagree with an application for DNA testing presented by an inmate who had pleaded guilty or no contest to a felony offense. *Id.* at ¶34, citing R.C. 2953.82(D). The disagreement was final and not appealable by any person to any court. *Id.*

{¶39} The Supreme Court of Ohio held as follows:

12

{¶40} (1) "Insofar as the statute authorizes a prosecuting attorney to agree or disagree with an inmate's request for DNA testing, it comports with the exercise of authority by the executive department of government because the prosecutor is charged with the responsibility to prove guilt beyond a reasonable doubt." *Id.* at ¶35.

{¶41} (2) "However, those portions of the statute that make the prosecuting attorney's disagreement final, and not appealable to any court, and that deprive the court of its ability to act without the prosecutor's agreement interfere with the court's function in determining guilt, which is solely the province of the judicial branch of government." *Id.*, citing *Bray*, *supra*, at 136.

{¶42} (3) "Accordingly, R.C. 2953.82(D) violates the doctrine of separation of powers and is therefore unconstitutional." *Id.*

{¶43} The *Sterling* court's holding was based on the principle set forth in *Jemison*, *supra*, that "each of the three grand divisions of the government, must be protected from encroachment by the others, so far that its integrity and independence may be preserved." *Sterling* at ¶33, quoting *Jemison* at 159, quoting *Fairview* at 187.

{¶44} According to the court, the statute at issue "confin[ed] the exercise of judicial authority to those instances where the prosecutor agrees with the application." *Id.* at ¶34. Thus, the statute "impede[d] the judiciary in its province to determine guilt in a criminal matter" and "delegate[d] to the executive branch of government the power to exercise judicial authority." *Id.*

{¶45} The court determined the unconstitutional subsection could be severed from the statute. *Id.* at ¶41. Under the remaining provisions, the inmate could file an application, the prosecutor attorney would agree or disagree with the request, and the

13

application would be submitted to the trial court for it to "exercise its judicial authority to determine the disposition of the request subject to appropriate appellate review." *Id.* at ¶42.

{¶46} In light of the foregoing authorities, the relevant issues in this case are (1) whether R.C. 2909.15(D)(2)(b) involves a judicial power, and (2) whether R.C. 2909.15(D)(2)(b) encroaches on that judicial power.

### *Judicial Power*

{¶47} The first issue is whether R.C. 2909.15(D)(2)(b) involves a judicial power.

{¶48} The majority argues that the judiciary does not have the "inherent discretion to evaluate whether an offender should register or the discretion to reduce the length of time an offender is required to register."

{¶49} This is not an accurate characterization of the relevant inquiry. In *Sterling*, the Supreme Court of Ohio set forth the principle that *"[t]he determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime* are solely the province of the judiciary." (Emphasis added.) *Id.* at ¶31, quoting *Bray* at 136.

{¶50} The statute at issue in *Sterling* implicated the judiciary's power to determine guilt. *See id.* at ¶35. Here, R.C. 2909.15(D)(2)(b) potentially implicates the judiciary's power of sentencing. Thus, the relevant inquiry is whether reducing an arson offender's registration period under R.C. 2909.15(D)(2)(b) involves the sentencing of a defendant convicted of a crime.

{¶51} The majority also argues that the arson offender registry is not part of the sentence imposed in a criminal proceeding.

14

{¶52} Courts previously held that the prior version of the sex-offender registration and notification statutes were remedial and not punitive, and thus, they were not punishment or part of any sentence imposed on the sex offender. *See, e.g., Burbrink v. State*, 185 Ohio App.3d 130, 2009-Ohio-5346, ¶10 (1st Dist.).

{¶53} This court in *State v. Reed*, 11th Dist. Lake No. 2013-L-130, 2014-Ohio-5463, held that the arson registry does not violate the ex post facto clause of the U.S. Constitution and was not unconstitutionally retroactive. *Id.* at ¶84, 85. In so holding, this court found that the General Assembly's intent with respect to the arson offender registry was civil in nature rather than punitive because registration serves the remedial purpose of protecting the local community from repeat arson offender. *Id.* at ¶79-80. Thus, one may conclude that the arson offender registry is not part of the sentence imposed in a criminal proceeding.

{¶54} *Reed* is not determinative of this case. As an initial matter, it is not clear why the protection of the public is not also indicative of a punitive intent. In fact, one of the "overriding purposes" of both felony and misdemeanor sentencing" is "to protect the public from future crime by the offender." R.C. 2929.11(A); R.C. 2929.21(A).

{¶55} In addition, the Supreme Court of Ohio reversed course by holding that the sex offender registration and notification requirements *are* punitive. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶16 ("Following the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive."); *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, ¶9 ("We * * * have held that the enhanced sex-offender reporting and notification requirements contained in R.C. Chapter 2950 enacted by Am.Sub.S.B. No. 10 * * * are punitive in nature"). Accordingly, the First and

Eighth Districts have held that the sex offender registration and notification requirements are now part of a defendant's sentence. *See, e.g., State v. Lawson*, 1st Dist. Hamilton Nos. C-120077 & C-120067, 2012-Ohio-5281, ¶18 ("S.B. 10's sex-offender registration requirements are part of a sex offender's sentence"); *State v. Thomas*, 1st Dist. Hamilton No. C-150294, 2016-Ohio-501, ¶7 (The Adam Walsh Act "made registration, verification, and community notification requirements part of the penalty for the offense"); *State v. Martinez*, 8th Dist. Cuyahoga No. 103572, 2016-Ohio-5515, ¶39 ("Thus, 'sentence' as used in R.C. 2949.02(A) and 2953.09(A)(2)(a) includes the requirement that a defendant register as a sex offender").

{¶56} Although *Williams* was issued prior to *Reed*, this court did not consider or apply the factors that the Supreme Court of Ohio set forth in that case. *See Reed* at ¶85. At least six factors discussed in *Williams* support a finding that the arson offender registry is punitive: (1) it is placed within R.C. Title 29, Ohio's criminal code; (2) the failure to register subjects an offender to criminal prosecution; (3) the registration requirements are automatic; (4) there is no entitlement to a hearing prior to classification; (5) there is no opportunity for the court to review the appropriateness of the classification; and (6) reporting is a lifetime requirement, with the limited exception set forth R.C. 2909.15(D)(2)(b). *See State v. Caldwell,* 1st Dist. No. C-130812, 2014-Ohio-3566, ¶33, citing *Williams* at ¶11, 16, 19.

{¶57} In any event, the issue in this case is resolved on a narrower basis. Again, the relevant inquiry is whether one provision of the arson registry statutory scheme, i.e., R.C. 2909.15(D)(2)(b), not the entire statutory scheme, involves the judicial power of sentencing.

{¶58} Under R.C. 2929.01(EE), "sentence" is defined as "the *sanction* or combination of *sanctions* imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." (Emphasis added.) Under R.C. 2929.01(DD), "sanction" is defined as "any *penalty* imposed upon an offender who is convicted of or pleads guilty to an offense, as *punishment* for the offense." (Emphasis added.) "Simply put, a sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶28.

{¶59} The General Assembly has the power to define, classify, and prescribe punishment. *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶12, quoting *State v. O'Mara*, 105 Ohio St. 94 (1922), paragraph one of the syllabus. The judiciary imposes the punishment through its sentencing authority. *See id.* at ¶13.

{¶60} Since R.C. 2909.15(D)(2)(a) imposes a lifetime registration duty upon an arson offender that attaches as a matter of law upon conviction, the lifetime registration is arguably not part of the sentence that the trial court imposes. *See State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶18 ("if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law"). Rather, the trial court's only involvement with the lifetime registration appears to be providing notice to the arson offender in the event it does not sentence him or her to a term of incarceration. *See* R.C. 2909.14(A)(2).

{¶61} By contrast, under R.C. 2909.15(D)(2)(b), "the judge may limit an arson offender's duty to reregister *at an arson offender's sentencing hearing* to not less than

ten years if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period." (Emphasis added.) In other words, the sentencing court may impose a reduced registration period at the sentencing hearing on a person who has been convicted of or pleads guilty to an arson-related offense. It is difficult to comprehend how something a sentencing court imposes on an offender at a sentencing hearing could not be considered part of the sentence.

{¶62} By analogy, R.C. 2947.23(A)(1)(a) requires the trial court to "*include in the sentence* the costs of prosecution * * * and render a judgment against the defendant for such costs." (Emphasis added.) The Supreme Court of Ohio has held that the imposition of these costs does not constitute criminal punishment. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶15 ("although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money"). There can be no dispute, however, that the imposition of court costs is part of a defendant's sentence. *See State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶3 ("R.C. 2947.23 requires the imposition of court costs as a part of a criminal sentence").

{¶63} To conclude otherwise implies these statutes are unconstitutional for requiring the judiciary's involvement in non-judicial matters. *See Thompson v. Redington*, 92 Ohio St. 101 (1915), syllabus ("In the absence of express constitutional provision therefor, the General Assembly of Ohio cannot assign to the judicial branch of the government any duties other than those that are properly judicial, to be performed in a judicial manner").

{¶64} Since R.C. 2909.15(D)(2)(b) authorizes the sentencing court to impose a reduced registration period at the sentencing hearing on an arson offender, R.C. 2909.15(D)(2)(b) involves the judicial power of sentencing.

### *Encroachment of Judicial Power*

{¶65} The second issue is whether R.C. 2909.15(D)(2)(b) encroaches on the judicial power to sentence an arson offender.

{¶66} The majority recognizes that the trial court's "discretion" to reduce the registration period is only "triggered" by the prosecutor's and law enforcement agency's request, making the request a "necessary precondition" or "catalyst." It argues R.C. 2909.15(D)(2)(b) is not unconstitutional because the request does not affect the court's ultimate discretion whether to reduce the registration period or bind the court to act in accordance with the recommendation. According to the majority, judicial power would only be encroached if the request required the trial court to act in accordance with the request.

{¶67} This argument reflects a constrained view of the separation of powers doctrine set forth in *Sterling,* where the Supreme Court of Ohio determined that a similar executive branch "trigger," "precondition," or "catalyst" to judicial power was unconstitutional.

{¶68} Under the statute involved in *Sterling*, an inmate could file an application for DNA testing with the trial court. The trial court had two options – to accept the application or reject the application. However, if the trial court thought the application should be accepted, but the prosecutor did not, the trial court was not authorized to accept the application. The prosecutor's decision controlled. Similarly, if the trial court

19

thought the application should be rejected, but the prosecutor thought it should be accepted, the trial court was required to accept the application and proceed to DNA testing and determining guilt. The prosecutor's decision once again controlled.

{¶69} The court in *Sterling* determined that the legislature had confined the trial court's exercise of its judicial authority to those instances where the prosecutor agreed with the inmate's application. *Id*. at ¶34. Thus, the legislature had impeded the judiciary's power to determine guilt and delegated that power to the executive branch. *Id*.

{¶70} Here, under R.C. 2909.15(D)(2)(b), an arson offender appears before the trial court for sentencing. The trial court has two options - to impose a reduced registration period or to do nothing and permit the lifetime registration to attach by operation of law. However, the trial court can only exercise the first option if the prosecutor and the investigating law enforcement agency request consideration of a reduction. If the trial court thinks the registration period should be limited, but the prosecutor and investigating law enforcement agency do not think it should be limited and do not request limitation, the statute does not authorize the trial court to reduce the registration period. Instead, the lifetime registration requirement attaches by operation of law.

{¶71} Thus, the trial court is only able to impose a reduced registration period if the executive branch thinks the registration period should be limited and requests that the trial court impose a limitation. In essence, the executive branch controls the trial court's exercise of its judicial authority to reduce an arson offender's registration period.

*See Dingus* at ¶39. Like the statute in *Sterling*, the legislature has impeded the judiciary's power to sentence.

## Conclusion

{¶72} Based on *Sterling*, as applied by *Dingus*, R.C. 2909.15(D)(2)(b) violates the separation of powers doctrine by impeding the judiciary in its province to impose a reduced registration period on an arson offender during sentencing. Accordingly, the "offending language" of R.C. 2909.15(D)(2)(b) should be severed so that an arson offender is subject to a lifetime registration period unless the trial court decides to reduce that period at the arson offender's sentencing hearing to a specified term not less than ten years.