[Cite as *State v. Maxcy-Tipton*, 2020-Ohio-6983.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                               Court of Appeals No. WD-19-093

        Appellee                    Trial Court No. 2019CR0277

v.

Brooke Marie Maxcy-Tipton          **DECISION AND JUDGMENT**

        Appellant                Decided:  December 30, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brooke Marie Maxcy-Tipton, appeals from the December 24, 2019 judgment of the Wood County Court of Common Pleas, convicting her of arson, a violation of R.C. 2909.03(A)(1) and 2909.03(D)(2)(b), a felony of the fourth degree, following acceptance of her guilty plea, and sentencing her to community control sanctions.  For the reasons which follow, we reverse.

{¶ 2} Appellant asserts the following assignments of error:

I. Trial counsel rendered ineffective assistance of counsel.

II. The arson registry is unconstitutional on its face as it violates the Separation of Powers Doctrine.

{¶ 3} This appeal involves the operation of R.C. 2909.15(D)(2)(a)-(b), Ohio's arson offender registry statute. The statute imposes a duty upon an arson offender to yearly register as an arson offender with the county sheriff unless the trial court limits the registration requirement to more than a mandatory minimum of ten years but less than a lifetime obligation. However, the trial court can only exercise its discretion to do so if a member of the executive branch (the prosecutor and investigation law enforcement agency) recommends limiting the arson offender's registration period.

{¶ 4} In her first assignment of error, appellant argues her trial counsel rendered ineffective assistance by failing to assert a constitutional objection to the arson registry and for failing to request less than a lifetime registration. She asserts that the failure to assert a constitutional argument resulted in the constitutional error being subject to appellate review under a plain error standard or at the appellate court's discretion. As to the failure to request less than a lifetime registration, she asserts it would have been granted. Therefore, she argues the trial court's sentence should be vacated and this case remanded for resentencing.

{¶ 5} Appellee argues that appellant waived the right to assert ineffective assistance of counsel by entering a guilty plea. We disagree.

2.

{¶ 6} By entering a guilty plea, appellant waived the right on appeal to assert Sixth Amendment claims of ineffective assistance of trial counsel relating to any issue prior to the entry of the guilty plea. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105. However, the entry of a guilty plea does not result in waiver of an issue relating to issues arising after conviction or relating to sentencing. Application of the arson registration statute would not be waived because it operates automatically once an arson offender is convicted. Therefore, the waiver doctrine is not applicable to this appeal.

{¶ 7} Appellant bears the burden of proving that trial counsel was ineffective since an attorney is presumed competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). To meet this burden of proof, appellant must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. *Strickland, supra*, at 687; *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 10, quoting *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The reasonableness of the attorney's conduct must be considered in light of the facts of each case. *Davis* at ¶ 15.

{¶ 8} It is not ineffective assistance for a lawyer to "maneuver within the existing law, declining to present untested or rejected legal theories." *State v. McNeill*, 83 Ohio

3.

St.3d 438, 449, 700 N.E.2d 596 (1998). Therefore, the failure to assert a constitutional challenge is not ineffective assistance where the issue has already been resolved. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 102; *State v. Cornwell*, 86 Ohio St.3d 560, 569, 715 N.E.2d 1144 (1999).

{¶ 9} However, in the case before us, at the time appellant was sentenced, the issue of the constitutionality of R.C. 2909.15 was before the Eleventh District Court of Appeals, *State v. Carlisle*, 2019-Ohio-4651, 136 N.E.3d 570, ¶ 18, and, more importantly, the statute had already been declared unconstitutional by the Fourth District Court of Appeals. *State v. Dingus*, 2017-Ohio-2619, 81 N.E.3d 513, ¶ 2 (4th Dist.). Despite the opposing holdings, the Ohio Supreme Court dismissed the certification of a conflict as having been improvidently allowed. *State v. Carlisle,* Slip Opinion No. 2020-Ohio-6750 (Dec. 21, 2020). Therefore, in the case before us, we conclude that the failure to preserve the issue of the constitutionality of the statute was ineffective assistance when the conflicting holdings in the two appellate districts was apparent from a cursory review of the annotated statute.

{¶ 10} Prejudice is established by showing the ineffectiveness of counsel deprived "the defendant of a substantive or procedural right to which the law entitles him." *Williams v. Taylor*, 529 U.S. 362, 393, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

{¶ 11} We find appellant was prejudiced by the failure to assert the claim that the registry statute was unconstitutional because an appellate court generally does not consider constitutional errors which were not asserted in the trial court. *State v. Awan*,

4.

22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus, *limited by In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. While we can exercise our discretion to consider the issue as plain error or where justice requires, we decline to do so in this case. Appellant's appellate counsel did not file a reply brief to address the issues of waiver and ripeness raised by appellee. Therefore, appellant's best interest is served by remanding this case to the trial court for full consideration of all of the issues related to the constitutionality of the statute.

{¶ 12} Furthermore, any reduction from the lifetime registration requirement must be determined by the trial court at the time of sentencing for the arson offense. The statute does not provide an avenue within the criminal proceedings for the defendant to compel the prosecutor and investigating law enforcement officer to file such a motion. Therefore, we find appellant has not established that trial counsel rendered ineffective assistance in this regard.

{¶ 13} In light of the foregoing, we need not reach the question of whether the failure to request a reduction in the length of the registration requirement would constitute ineffective assistance when the statute does not provide for this action. Therefore, we find appellant's first assignment of error well-taken and appellant's second assignment of error is moot.

5.

**{¶ 14}** Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Wood County Court of Common Pleas is reversed and remanded for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                     _____

                                                                JUDGE

Arlene Singer, J. _____

Gene A. Zmuda, P.J. _____                           _____
CONCUR.                                                                 JUDGE

                                                                 _____
                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.