[Cite as *State v. Debose*, 2022-Ohio-837.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109531 |
| v. | : | |
| AARON DEBOSE, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643966-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Aaron Debose appeals his sentences after he pleaded guilty to two counts of drug trafficking with forfeiture specifications. He argues that his indefinite sentences, imposed under the Reagan Tokes Law, are

unconstitutional. He further contends that he was denied the effective assistance of counsel during sentencing because his trial counsel (1) failed to challenge the constitutionality of the Reagan Tokes Law, (2) failed to file an affidavit of indigency and request waiver of a mandatory fine and (3) told the trial court at the sentencing hearing that there was "no real mitigation." For the reasons that follow, we affirm.

**Procedural History and Factual Background**

{¶ 2} On September 23, 2019, a Cuyahoga County Grand Jury indicted Debose on six counts: three counts of drug trafficking in violation of R.C. 2925.03(A)(2), first-degree felonies, with schoolyard and forfeiture specifications; two counts of drug possession in violation of R.C. 2925.11(A), first-degree felonies, with forfeiture specifications; and one count of drug possession in violation of R.C. 2925.11(A), a second-degree felony, with forfeiture specifications. The charges arose in connection with the execution of a search warrant on Debose's residence after police officers made two controlled buys from Debose from two different vehicles.

{¶ 3} Debose and the state reached a plea agreement. Debose agreed to plead guilty to two amended counts of drug trafficking in violation of R.C. 2925.03(A)(2), second-degree felonies, with forfeiture specifications.

{¶ 4} At the change-of-plea hearing, the trial court explained to Debose that he would be pleading guilty to offenses that were subject to indefinite sentences under the Reagan Tokes Law and that, as such, he would be sentenced to a minimum prison term and a maximum prison term. The trial court further explained that (1) if it were to impose the lowest minimum terms on the offenses and order that the

sentences be served concurrently, Debose would receive an aggregate indefinite prison sentence of two to three years and (2) if it were to impose the highest minimum terms and order that the sentences be served consecutively, Debose would receive a maximum aggregate indefinite prison sentence of 16 to 20 years. The trial court also informed Debose that he would be subject to a mandatory fine of up to $15,000, a mandatory driver's license suspension of six months to five years and three years of mandatory postrelease control. Debose indicated that he understood.

{¶ 5} Debose pled guilty to the amended counts as agreed. In exchange for his guilty pleas, the remaining counts were nolled. Defense counsel did not raise a constitutional challenge to the Reagan Tokes Law during the change-of-plea hearing. The trial court ordered a presentence investigation report and scheduled the sentencing hearing for the following month.

{¶ 6} On January 16, 2020, the trial court conducted the sentencing hearing. Defense counsel, Debose and the state addressed the trial court at the hearing. Defense counsel spoke first. He stated that "[t]here's no real mitigation, no excuses" and that Debose's record "speaks for itself." Defense counsel apologized for Debose's conduct and requested that the trial court order that the sentences imposed in this case be served concurrently with a 39-month sentence Debose had received for violating parole in a federal case. Defense counsel went on to state:

> His record's terrible; we understand that. He's going to have to turn his life around. He's one year younger than me. He spent most of his adult life in prison. There's no real mitigation. We're only asking the court for mercy and leniency and to run any sentence that you run concurrent to that federal sentence.

**{¶ 7}** Debose next addressed the trial court. He apologized for his conduct, claimed that he would no longer sell or use drugs and indicated that he "just want[s] to get out and get [his] life together." He stated that he had been "doing good" until "the last couple months," that he had started his own business, which he had operated for over a year, and that he had been "getting [his] life together" until his godson was killed, after which he "made some bad decisions" and "caught [this] case."

**{¶ 8}** The state also briefly addressed the trial court. The state indicated that "[t]his does seem to be a lifestyle for Mr. Debose" and that "[h]e chose to put poison into our society." The state noted that the case involved "a mandatory fine, mandatory sentence" and requested that the trial court sentence Debose "appropriately."

**{¶ 9}** The trial court detailed Debose's lengthy criminal history and stated that that Debose was contributing "heavily, heavily" to the opiate epidemic in the community. The trial court indicated that both the amount of drugs Debose possessed and the fact that Debose continued to engage in drug trafficking while he was on parole for a federal offense were particularly "concerning." The trial court further noted that there was nothing in the presentence-investigation report to suggest that Debose had "tried at all to make any attempt to change [his] ways."

**{¶ 10}** After reviewing the presentence-investigation report and considering the statements made at the sentencing hearing, the trial court sentenced Debose to

a minimum prison sentence of three years and a maximum prison sentence of four-and-one-half years on each count.  The trial court ordered that these sentences be served concurrently to each other but consecutively to Debose's sentence in the federal case.  In addition, the trial court also imposed a mandatory fine of $10,000, suspended Debose's driver's license for five years and imposed three years of mandatory postrelease control.  Debose also forfeited a cell phone, a scale, a 2007 Nissan Altima, a 2010 Jeep Patriot and $7,957.  The trial court waived costs. Defense counsel did not raise a constitutional challenge to the Reagan Tokes Law during the sentencing hearing and did not otherwise object to Debose's sentences or the fine imposed by the trial court at the sentencing hearing.

{¶ 11}  In imposing consecutive sentences, the trial court stated:

> I find that a consecutive sentence is necessary to protect the community and to punish you and it's not disproportionate, and that I find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct and your criminal history shows that a consecutive sentence is necessary to protect the public.
>
> You just got done serving 15 years in prison for the same activity that you're now continuing to be involved in,[1] and as I said, it's a very large amount of drugs that you're involved in.  So I find the consecutive sentence is necessary.

The trial court incorporated its findings into its sentencing journal entry.

{¶ 12}  Debose appealed, raising the following four assignments of error for review:

---

[1] Debose was released from federal prison on May 18, 2018, after serving a 15-year prison sentence.

Assignment of Error I: As amended by the Reagan Tokes Act, the Revised Code's sentence for first- and second-degree qualifying felonies violate[s] the Constitutions of the United States and the State of Ohio.

Assignment of Error II: Mr. Debose received ineffective assistance of counsel when counsel failed to object to the Reagan Tokes sentencing.

Assignment of Error III: Mr. Debose received ineffective assistance of counsel when counsel failed to file an affidavit of indigency and properly request that the court waive the fine.

Assignment of Error IV: Mr. Debose received ineffective assistance of counsel at his sentencing hearing.

## Law and Analysis

### Constitutional Challenge to the Reagan Tokes Law

{¶ 13} In his first assignment of error, Debose argues that his sentences should be vacated because the indefinite sentencing provisions of the Reagan Tokes Law (enacted through S.B. 201) are unconstitutional. Specifically, Debose argues that (1) the Reagan Tokes Law violates his right to a trial by jury, (2) the Reagan Tokes Law violates the separation-of-powers doctrine and (3) the provisions of the Reagan Tokes Law that allow the Ohio Department of Rehabilitation and Correction to extend a defendant's period of incarceration beyond the presumptive minimum prison, i.e., R.C. 2967.271(C) and (D), violate his right to due process under the Ohio and United States Constitutions.

### Plain Error Review

{¶ 14} Debose did not raise a constitutional challenge to the Reagan Tokes Law and did not otherwise object to his sentences below. It is well established that

'"the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Nevertheless, this court has discretion to review a forfeited constitutional challenge to a statute for plain error. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 377-378; *see also State v. White*, 8th Dist. Cuyahoga No. 109945, 2021-Ohio-2441, ¶ 12.

{¶ 15} Plain error requires a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise and that reversal is necessary to correct a manifest miscarriage of justice. *Quarterman* at ¶ 16, citing *State v. Davis*, 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147, ¶ 29; *Buttery* at ¶ 7. The burden of demonstrating plain error is on the party asserting it. *Quarterman* at ¶ 2, 16, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 16} Although Debose asserts that "his sentencing under the unconstitutional Reagan Tokes law constitutes plain error," he does not include any argument with respect to plain error in his appellate briefs and, therefore, has not made the requisite showing to support a finding of plain error. An appellate court is not obliged to construct or develop arguments to support a defendant's assignment of error and "'will not "guess at undeveloped claims on appeal."'" *State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 56 (8th Dist.), quoting *State v. Piatt*,

9th Dist. Wayne No. 19AP0023, 2020-Ohio-1177, ¶ 39, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31; *see also State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91 ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'"), quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19.

{¶ 17} This court has repeatedly declined to address constitutional challenges to the Reagan Tokes Law where, as here, a defendant (1) did not challenge the constitutionality of the law below and/or (2) failed to present a plain error argument on appeal. *See, e.g., State v. Nicholson*, 8th Dist. Cuyahoga No. 110522, 2022-Ohio-374, ¶ 61-62; *State v. Medina*, 8th Dist. Cuyahoga No. 109693, 2021-Ohio-1727, ¶ 23-26; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 8-10; *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 20-23; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 12-19. Because Debose forfeited all but plain error review and has not even constructed an argument that plain error occurred, we need not address Debose's constitutional arguments raised for the first time on appeal.

{¶ 18} Furthermore, even if we were to consider the issue, we would find no plain error here. In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, this court, in an en banc decision, rejected the challenges to the Reagan Tokes

Law raised in this appeal. Accordingly, we overrule Debose's first assignment of error.

**Ineffective Assistance of Counsel**

{¶ 19} In his second, third and fourth assignments of error, Debose argues that he was denied the effective assistance of counsel at sentencing. He contends that his trial counsel was ineffective because he (1) failed to challenge the constitutionality of the Reagan Tokes Law at the sentencing hearing, (2) failed to file an affidavit of indigency and request waiver of the mandatory fine and (3) informed the trial court at the sentencing hearing that there was "no real mitigation."

{¶ 20} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at all "critical stages" of a criminal proceeding, including sentencing. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 7 ("sentencing is a critical stage in which a felony offender has a right to counsel"), citing *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 15, and *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).

{¶ 21} As a general matter, to establish ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a

reasonable probability that but for counsel's errors, the outcome of the proceeding would have been different. *Strickland* at 687-688, 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 22} In Ohio, every properly licensed attorney is presumed to be competent. *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Because there are "countless ways to provide effective assistance in any given case," on a claim of ineffective assistance of counsel, the court must give great deference to counsel's performance and "indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland* at 689; *see also State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.) ("'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

{¶ 23} To constitute ineffective assistance of counsel, the errors complained of must amount to "'a substantial violation of * * * defense counsel's essential duties to his client.'" *Bradley*, 42 Ohio St.3d at 141-142, 538 N.E.2d 373, quoting *State v. Lytle*, 48 Ohio St.2d 391, 396, 358 N.E.2d 623 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978). Tactical or strategic

decisions do not generally constitute ineffective assistance of counsel. *See, e.g., Black* at ¶ 35; *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23. Reviewing courts "will ordinarily refrain from second-guessing strategic decisions" by trial counsel — even where trial counsel's strategy was "questionable" or "debatable" or, in hindsight, it looks like a better strategy was available or other counsel would have defended against the charges differently. *See, e.g., State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 152; *State v. Ford*, 8th Dist. Cuyahoga No. 105865, 2018-Ohio-3563, ¶ 34; *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 37 (8th Dist.).

### Defense Counsel's Failure to Object to the Constitutionality of the Reagan Tokes Law

{¶ 24} Debose has not shown that his trial counsel was deficient for failing to challenge the constitutionality of the Reagan Tokes Law below or that there is a reasonable probability that, but for, his trial counsel's failure to challenge the constitutionality of the Reagan Tokes Law, the result of the proceeding would have been different.

{¶ 25} The reasonableness of an attorney's conduct must be considered in light of the facts of each case. Statutes are presumed to be constitutional. *See, e.g., State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, ¶ 8; *Dames*, 2020-Ohio-4991, at ¶ 16. At the time of Debose's sentencing in January 2020, no

appellate court had found the Reagan Tokes Law to be unconstitutional.[2]  It is not generally ineffective assistance for an attorney to "maneuver within the existing law, declining to present untested or rejected legal theories." *State v. McNeill*, 83 Ohio St.3d 438, 449, 700 N.E.2d 596 (1998); *see also State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 43 (trial counsel was not ineffective for failing to challenge the constitutionality of the Reagan Tokes Law); *cf. State v. Jones*, 11th Dist. Lake Nos. 2020-L-056, 2020-L-057, 2020-L-059 and 2020-L-060, 2020-Ohio-7002, ¶ 24-31 (defense counsel's failure to challenge constitutionality of Reagan Tokes Law below "which has proven unsuccessful in other districts," did not constitute ineffective assistance; "[a]ttorneys are not required to raise every possible argument to be deemed effective").  *But see State v. Maxcy-Tipton*, 2020-Ohio-6983, 166 N.E.3d 84, ¶ 8-9 (6th Dist.) (failure to preserve the issue of the constitutionality of a statute was ineffective assistance "when the conflicting

---

[2] On December 28, 2020, the Ohio Supreme Court accepted a certified conflict to address the issue of whether the constitutionality of the Reagan Tokes Law is ripe for review on direct appeal from sentencing.  *See State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed*, *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150 (finding conflict exists and ordering the parties to brief the issue: "Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?").  Oral arguments in *Maddox* were held on June 29, 2021, and a decision has not yet been released.  Pending the decision in *Maddox*, the Ohio Supreme Court has held consideration of numerous other cases appealed on Reagan Tokes grounds.

holdings in * * * two appellate districts [were] apparent from a cursory review of the annotated statute").

{¶ 26} As stated above, in *Delvallie*, 2022-Ohio-470, this court, in an en banc decision, rejected the challenges to the Reagan Tokes Law raised in this appeal. The failure to perform a futile act does not constitute ineffective assistance of counsel. *See, e.g., State v. Scarton*, 8th Dist. Cuyahoga No. 108474, 2020-Ohio-2952, ¶ 95; *see also State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 37 ("[T]he failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial.").

{¶ 27} Accordingly, we overrule Debose's second assignment of error.

**Failure to File an Affidavit of Indigency and Seek Waiver of Mandatory Fine**

{¶ 28} Debose also contends his trial counsel was ineffective because he failed to file an affidavit of indigency and request that the trial court waive the mandatory fine.

{¶ 29} Debose pled guilty to drug trafficking in violation of R.C. 2925.03(A)(2), a second-degree felony. The trial court imposed a mandatory fine of $10,000 pursuant to R.C. 2925.03(D)(1) and 2929.18(B)(1).

{¶ 30} R.C. 2925.03(D)(1) provides, in relevant part:

> If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

**{¶ 31}** R.C. 2929.18(B)(1) provides, in relevant part:

> For a first-, second-, or third-degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

Thus, the trial court was required to impose a mandatory fine in this case unless (1) Debose filed an affidavit prior to sentencing asserting that he was indigent and unable to pay the mandatory fine and (2) the trial court determined that Debose was indigent and unable to pay the mandatory fine.

**{¶ 32}** Before imposing a mandatory fine under R.C. 2929.18(B)(1), 2929.19(B)(5) provides that "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." *State v. Cotto*, 8th Dist. Cuyahoga No. 107159, 2019-Ohio-985, ¶ 9. While the statute requires that the trial court consider the defendant's present and future ability to pay the fine, "'there are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *Id.* at ¶ 11, quoting *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 7. Generally, a trial court satisfies this requirement when it considers a presentence investigation report that contains information about the defendant's financial situation and his ability to pay the fine. *See, e.g., State v. Clemons,* 8th Dist. Cuyahoga No. 101230, 2015-Ohio-

520, ¶ 10; *State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 21. Ultimately, to avoid the imposition of a mandatory fine, the burden is on the defendant "to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." (Emphasis deleted.) *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998); *Cotto* at ¶ 13.

{¶ 33} Debose argues that because he was declared indigent at the time of his arraignment and was appointed trial counsel (1) trial counsel's failure to seek waiver of the mandatory fine was "clear error" and (2) "it is 'more likely than not' the outcome would have been different with regard to the fine" if trial counsel had sought waiver of the fine. We disagree.

{¶ 34} "[C]ourts have consistently distinguished between a court's determination that an offender is indigent for purposes of receiving court-appointed counsel and for purposes of his or her ability to pay a fine." *Cotto* at ¶ 10, citing *State v. Johnson*, 107 Ohio App.3d 723, 728, 669 N.E.2d 483 (8th Dist.1995); *see also Gipson* at 634 ("[A]n offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine."). (Emphasis deleted.) Thus, the trial court's initial determination that Debose was entitled to representation by appointed counsel was not determinative of his ability to pay a mandatory fine.

{¶ 35} Trial counsel's failure to file an affidavit of indigency alleging that a defendant is unable to pay a mandatory fine "only constitutes ineffective assistance 'when the record shows a reasonable probability that the trial court would have

found the defendant indigent and unable to pay the fine had the affidavit been filed.'" *State v. King*, 8th Dist. Cuyahoga No. 107282, 2019-Ohio-1244, ¶ 12, quoting *State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 25; *see also State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-4291, ¶ 13.

{¶ 36} Debose has not pointed to anything in the record that shows a reasonable probability that the trial court would have found him indigent if an affidavit of indigency had been filed and defense counsel had requested waiver of the mandatory fine. Instead, Debose simply directs this court to *State v. Davis*, 8th Dist. Cuyahoga No. 99976, 2014-Ohio-2052. In *Davis*, the defendant, who was 23, appealed the imposition of a mandatory $5,000 fine after he pled guilty to drug trafficking. *Id.* at ¶ 1, 3. Prior to sentencing, the defendant had filed two affidavits of indigency. *Id.* at ¶ 8. The defendant averred that he was unemployed, had no alternative source of income and did not own a car or real property. *Id.* at ¶ 8, 10. He had a ninth-grade education, had not earned his GED, had a felony conviction and a criminal record dating back to when he was a juvenile. The defendant had a daughter and, before his sentencing, had lived with his mother, who supported him. *Id.* at ¶ 10. The trial court rejected the defendant's claim that he would not be able to pay the mandatory fine and imposed the fine. *Id.* at ¶ 8.

{¶ 37} On appeal, this court vacated the fine. *Id.* at ¶ 14. The majority determined that "[t]he evidence before the court was that [the defendant] was unable and would be unable to pay the fine" and that, therefore, "[b]ased on the

specific facts of [the] case," the trial court had abused its discretion in imposing a fine on the defendant. *Id.* at ¶ 11-12.

{¶ 38} In this case, the record reflects that Debose has a high school diploma, attended a semester of college and started his own cleaning business after he was released from federal prison in 2018. Debose is not married and has no children. The PSI reflects that, at the time of his arrest, Debose was employed part-time and was living alone in an apartment for which he paid the rent. Although he had a long criminal history and a history of drug abuse, Debose had no other medical issues, physical issues or mental-health issues. Further, in connection with his guilty pleas, Debose forfeited two vehicles he had owned and $7,957 in cash. Based on the record before us, the trial court could have reasonably determined that Debose would not be unable to pay a $10,000 fine. Accordingly, Debose has not shown that there is a reasonable probability that, but for his trial counsel's failure to file an affidavit of indigency and seek waiver of the fine, the trial court would not have imposed the fine or would have imposed a lesser fine.

{¶ 39} Debose's third assignment of error is overruled.

### Failure to Make an Effective Mitigation Argument at Sentencing

{¶ 40} In his fourth assignment of error, Debose contends that his trial counsel was ineffective because trial counsel told the trial court that there was "no real mitigation" and "fail[ed] to present mitigating facts in a persuasive and effective way" at the sentencing hearing.

{¶ 41} "'Defense counsel has a duty to investigate mitigating circumstances in order to make informed tactical decisions about which information would be most helpful to a client's case.'" *Cleveland v. Ellis*, 8th Dist. Cuyahoga No. 105338, 2017-Ohio-8874, ¶ 13, quoting *State v. Jackson*, 8th Dist. Cuyahoga No. 104132, 2017-Ohio-2651, ¶ 42. To establish ineffective assistance of counsel based on trial counsel's alleged failure to prepare and make a persuasive argument for mitigation, Debose would need to show that (1) his trial counsel was deficient for failing to properly investigate and present mitigating facts or circumstances to the trial court at the sentencing hearing and (2) he was prejudiced as a result, i.e., that there is a reasonable probability that if trial counsel had properly investigated and presented those mitigating facts and circumstances to the trial court, the trial court would have imposed a lesser sentence. No such showing has been made in this case.

{¶ 42} First, the presentation of mitigating facts and circumstances is generally a matter of strategy. *See, e.g., Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, at ¶ 37; *State v. Tinsley,* 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278, ¶ 17; *State v. Stiles,* 3d Dist. Allen No. 1-08-12, 2009-Ohio-89, ¶ 59; *State v. Gleckler*, 12th Dist. Clermont No. CA2009-03-021, 2010-Ohio-496, ¶ 14. In this case, it appears that defense counsel's strategy was to employ a "no excuses" approach, i.e., to have Debose acknowledge his responsibility for his conduct and express remorse for his actions, in the hope that it would result in a more lenient sentence. Such tactical decisions do not generally constitute ineffective assistance of counsel. *See, e.g., State v. Raymond*, 3d Dist. Allen No. 1-13-23, 2014-Ohio-556, ¶ 23.

{¶ 43} Second, the only mitigating facts and circumstances Debose identifies are: (1) he had started his own business; (2) he "was being a productive citizen," "paying taxes" prior to his arrest, and (3) he made some "bad decisions" after his godson was killed. The record reflects that all of these allegedly mitigating facts and circumstances were before the trial court prior to sentencing. Information regarding Debose's employment and business was contained in the PSI, which the trial court reviewed prior to sentencing. When addressing the trial court at the sentencing hearing, Debose specifically informed the trial court that he had started a business and was paying taxes and that his godson's death allegedly led to his "bad decisions." Accordingly, the trial court had all of this information at the time of sentencing, regardless of trial counsel's failure to present those facts and circumstances during the sentencing hearing. *See Vinson* at ¶ 38 (even if trial counsel had been deficient in his presentation of mitigation evidence, defendant did not show a reasonable probability that the outcome of his sentencing would have been different where the mitigating factors identified by defendant were already before the court in the PSI and mitigation report).

{¶ 44} Finally, the trial court clearly stated at the sentencing hearing that its sentencing decision was based on (1) Debose's lengthy criminal history, (2) the amount of drugs Debose possessed, (3) a belief that Debose was contributing "heavily, heavily" to the opiate epidemic in the community and (4) the fact that Debose continued to engage in drug trafficking, while he was on parole for a federal offense, after he had just served a 15-year prison sentence.

{¶ 45} Thus, there is nothing in the record to suggest that there is a reasonable probability the trial court would have imposed a lesser sentence if trial counsel had employed a different approach at sentencing and specifically mentioned these allegedly mitigating facts and circumstances as part of his "advocacy" at the sentencing hearing.

{¶ 46} Debose's fourth assignment of error is overruled.

{¶ 47} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).