[Cite as *State v. Maxcy-Tipton*, 2022-Ohio-3502.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No.  WD-22-003

       Appellee                                     Trial Court No.  2019CR0277

v.

Brooke Marie Maxcy-Tipton              **DECISION AND JUDGMENT**

       Appellant                                    Decided:  September 30, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** Appellant, Brooke Maxcy-Tipton, appeals the judgment of the Wood County
Court of Common Pleas, entered on remand on December 23, 2021, denying her motion
to find R.C. 2909.15(D)(2)(b) an unconstitutional infringement on the separation of
powers, and ordering her to register according to R.C. 2909.14(A)(2) for life.  Finding no
error, we affirm.

## A. Facts and Procedural Background

{¶ 2} On December 24, 2019, appellant was sentenced to community control after entering a guilty plea to arson in violation of R.C. 2909.03(A)(1) and (D)(2)(b), a felony of the fourth degree. The trial court imposed a lifetime registration requirement under R.C. 2909.14 and R.C. 2909.15(D), Ohio's arson registry statute. In her first appeal, appellant argued she was denied effective assistance of counsel because her trial counsel failed to challenge the constitutionality of the registry.[1]

{¶ 3} On December 30, 2020, we reversed, finding appellant "was prejudiced by the failure to assert the claim that the registry statute was unconstitutional[.]" *State v. Maxcy-Tipton,* 2020-Ohio-6983, 166 N.E.3d 84 (6th Dist.), ¶ 11. The state sought appeal, and on May 25, 2021, the Ohio Supreme Court declined jurisdiction. *State v. Maxcy-Tipton,* 163 Ohio St.3d 1428, 2021-Ohio-1721, 168 N.E.3d 517.

{¶ 4} Upon remand, appellant requested a reduction of the registry period from life to 10 years, and challenged R.C. 2909.15(D)(2)(b) as unconstitutional as a violation of separation of powers. At hearing on December 21, 2021, the trial court denied appellant's request to reduce the reporting period, and overruled appellant's

---

[1] While the first appeal was pending, the state filed a petition for revocation of community control on October 14, 2020, with subsequent filings noting additional violations.

constitutional challenge.[2]  The trial court ordered appellant to register on the arson

offender registry for life.

{¶ 5} Appellant filed a timely appeal.

## B.    Assignments of Error

{¶ 6} On appeal, appellant assigns the following error for our review:

R.C. 2909.15 UNCONSTITUTIONALLY VIOLATES THE

SEPARATION OF POWERS DOCTRINE.

## II.    Analysis

{¶ 7} In challenging the arson registry statute, appellant argues the law "represents

an impermissible encroachment by the legislature into the realm of judicial discretion and

limits a sentencing court's discretion as to whether an arson offender's duty to register

should be something less than life, but not less than ten years, to only those cases where

the prosecutor and investigating law enforcement agency request that it do so."

Appellant presents a facial constitutional challenge, requiring a showing beyond a

reasonable doubt that R.C. 2909.15 is unconstitutional, with no conceivable basis to

---

[2] In addition to hearing on the arson registry, the trial court also addressed the petition for revocation of community control.  On December 23, 2021, the trial court found appellant in violation and continued disposition until March 22, 2022, to permit appellant to demonstrate ongoing improvement in complying with the terms of her community control.  After the state filed a new petition for revocation on March 9, 2022, citing new criminal conduct, the trial court revoked appellant's community control and imposed an 18 month prison term, with 146 days jail time credit, on August 15, 2022.

3.

support the law.  *See State v. Mole,* 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368, ¶ 11.

{¶ 8} Whether a statute is constitutional presents a question of law, subject to de novo review. (Citations omitted) *State v. Towns,* 6th Dist. Williams No. WM-19-023, 2020-Ohio-5120, ¶ 38, *appeal allowed*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 586.  In considering the challenge, we presume the constitutionality of the law, with the party challenging the law bearing a "heavy burden" in attempting to overcome the presumption of validity. (Citations omitted)   *Dayton v. State,* 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176, ¶ 12.  In support of her argument, appellant asks us to apply the reasoning of the Fourth District Court of Appeals as stated in *State v. Dingus,* 2017-Ohio-2619, 81 N.E.3d 513 (4th Dist.).

{¶ 9} We previously addressed this exact challenge raised in *State v. Daniel,* 2022-Ohio-1348, 188 N.E.3d 671 (6th Dist.).  In *Daniel*, we rejected the conclusion reached in *Dingus,* finding instead that the arson registry requirement was not punitive, or not a sentencing determination.  *Daniel* at ¶ 19.  We noted that "classification as an arson offender is a collateral consequence of the offender's criminal acts rather than a form of punishment per se." *Id.,* citing *State v. Wright,* 2021-Ohio-364, 167 N.E.3d 1037, ¶ 15 (6th Dist.).  We further found the recommendation requirement, prior to reducing a lifetime registration period, was reasonable and did not violate separation of powers.  *Id.* at ¶ 25.

[A]lthough the executive branch recommendation is a precondition for discretion, it does not encroach upon a court's discretion, because it does not bind the court to act in accordance with the recommendation. Thus, where there is no recommendation, the court must impose a lifetime period of registration and there is no judicial discretion to review on appeal. On the other hand, where there is a recommendation, the court has full discretion to choose between a lifetime reporting period or a reduced reporting period of not less than ten years, and the appellate court has subject matter jurisdiction to review the exercise of that judicial discretion.

*Daniel*, at ¶ 25.

{¶ 10} Noting our conflict with the Fourth District's decision in *Dingus,* we certified the conflict the Ohio Supreme Court, and the Court accepted review of the following certified question:

Does R.C. 2909.15(D)(2)(b) unconstitutionally violate the doctrine of separation of powers?

*State v. Daniel,* 167 Ohio St.3d 1466, 2022-Ohio-2490, 191 N.E.3d 436.

{¶ 11} Because appellant's assignment of error raises no new argument, we find her sole assignment of error not well-taken, consistent with our prior determination in *Daniel.* Additionally, as we found in *Daniel,* we find our judgment in this appeal is in conflict with the decision of the Fourth District Court of Appeals in *State v. Dingus,*

2017-Ohio-2619, 81 N.E.3d 513 (4th Dist.).  Accordingly, we sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Daniel,* 167 Ohio St.3d 1466, 2022-Ohio-2490, 191 N.E.3d 436.

### III.     Conclusion

{¶ 12} In light of the foregoing, the judgement of the Wood County Court of Common Pleas is affirmed.  We certify a conflict to the Ohio Supreme Court, and direct the parties to Sup.R.Pract. 8.01 for instructions on how to proceed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                        _____
                                                        JUDGE
Gene A. Zmuda, J.              

Myron C. Duhart, P.J.                   _____
CONCUR.                                                  JUDGE

_____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.